CASE 96—PETITION EQUITY—DECEMBER 6.

## Smoot, &c., v. Boyd, &c.

APPEAL FROM BATH CIRCUIT COURT.

1. REFORMATION OF DEED—GUARDIAN AND WARD.—J. sold land to B., agreeing to make her a deed in her absolute right; but, without the knowledge of B., J. executed to her a deed for life, with remainder to her children. B. sold the land to R., and thereafter instituted an action against her infant children and their guardian, and against J. and husband, to have the deed executed by J. set aside, and a deed executed in accordance with the contract, which the chancellor ordered to be done. Pursuant to that judgment, J. and husband executed a deed to B. in her absolute right. In this action by B. against R. and S., his vendee, to enforce a lien for purchase money, which is resisted by S. upon the ground that B's title is defective, *Held*—1. It is not material whether or not the guardian of the infant children of B. was summoned to answer in the action to reform the deed, as he did file an answer, which he had the right to do without being summoned.

2. The fact that the husband of J. was not summoned in that action is not material, as he voluntarily performed the judgment of the court, and is not now complaining.

Smoot, &c., v. Boyd, &c.

3. The fact that, subsequent to the sale to R., but prior to the proceedings to reform the deed, the guardian of B.'s children procured a judgment authorizing the sale of his wards' remainder interest in said land, and that, at the sale, S. became the purchaser of that interest, does not avail as a defense, as that proceeding did not establish in the children of B. a greater right than the deed gave them, as B. was not a party to that action, and did not in any way aid or encourage it.

WM. LINDSAY AND V. B. YOUNG, FOR APPELLANTS.

It is a condition precedent to jurisdiction, when the defendant is under fourteen years of age, that there be service of summons as provided in section 52 of Civil Code. (Loyd v. McCarty, 14 B. M., 543.)

R. GUDGEL & SON FOR APPELLEES

Brief not in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

On the fourth day of December, 1879, Mrs. Margaret Boyd (now Johnson), mother of the appellee, Mollie J. Boyd, conveyed to said Mollie J. Boyd a tract of land containing thirty-nine acres. Said conveyance was by deed, which contains the following clause : "To have and to hold the said land and appurtenances unto said party of the second part as her separate estate, and at her death to descend to her then living children forever."

On the twenty-third day of September, the appellees, Mollie J. Boyd and her husband, Cyrus Boyd, sold, by title bond, said tract of land to Samuel Rogers, who agreed to pay for said land one thousand two hundred and fifty dollars on the first day of November, 1883, and one thousand two hundred and fifty dollars more on the first day of November, 1884. The last payment, however, was subject to the condition that the appellees were "able to make a good title to said land."

Notwithstanding said condition, said Rogers, in November, 1883, accepted a general warranty deed to said land from the appellees. In 1886 the appellees, Mollie J. Boyd and her husband, Cyrus Boyd, instituted an equitable action in the Bath Circuit Court against all of their infant children, they being under fourteen years of age, and their statutory guardian, J. A. Reynolds, and said Margaret Johnson and her husband, for the purpose of setting aside the deed of the fourth day of December, 1879, above referred to, upon the ground tnat the clause above quoted, in said deed, did not represent the true contract as made by them with Mrs. Boyd, her mother, now Johnson, for the reason that she purchased said land in her own absolute right, and the deed was to be made accordingly; but said clause was inserted therein by fraud or mistake.

The uncontradicted proof is that the appellee, Mrs. Mollie J. Boyd, owned in her absolute right forty-six acres of land, which she, by agreement with her mother, Mrs. Margaret Boyd, exchanged for said tract of thirty-nine acres; that Mrs. Margaret Boyd caused the deed from the appellee, Mollie J. Boyd, and her husband, to be drawn up in their absence, which they signed without question; that she also caused the said deed from herself to be drawn up, which she signed and acknowledged and caused the same to be recorded, without the appellees having any knowledge of its contents; that the clause above quoted was inserted in said deed by her direction; that she requested the attorney who drew up the deed to say nothing to the appellees in reference to said clause having been inserted therein; that the contract was that the said

land was to be conveyed to the appellee, Mrs. Mollie Boyd, in her own absolute right; that she never discovered the mistake or fraud until November, 1883. Not one of the foregoing facts is opposed by any evidence whatever. They were certainly sufficient to authorize the chancellor to set aside said deed and order the making of a new one conveying to the appellee, Mollie Boyd, said land in her absolute right, which the chancellor did.

The appellant, Smoot, having purchased said tract of land from Samuel Rogers, and the appellees having made him a defendant to this action which they instituted for the purpose of enforcing their lien on said land for the satisfaction of the one thousand two hundred and fifty dollars due on the first of November, 1884, he, Smoot, resisted the enforcement of said lien upon the grounds, first, that in the action to reform said deed the statutory guardian of said infants was not summoned to answer. There are two answers, either of which is sufficient, to this objection:

1. The statutory guardian appeared and filed his answer to the petition, in which he denied the material allegations of the petition; but it is contended that he had no right, as statutory guardian, to appear in the case, where he was sued with his wards, without a formal summons so to do. In other words, when he was sued with his wards as the legal representative of their interest, he could not appear and file his defense, unless he had been summoned so to do; and his having appeared without being summoned, the court ought to have turned a deaf ear to his answer in behalf of his wards as a penalty for his presump-.

tion. It seems to us, however, that the object of the summons is to notify the guardian, as the legal representative of his wards, to appear and defend their interests ; and that, as such representative, he may appear, without a summons, and defend their interests. Second. But in the supplemental record, it is clearly shown that the guardian was summoned to answer the petition.

2. It is also contended that the judgment is erroneous, because the husband of Mrs. Margaret Johnson was not summoned. It is true that the record fails to show that he was summoned. But the record also shows that Mrs. Johnson and her husband, in obedience to the judgment of the court, did make the appellee a deed to said land. Now Mrs. Johnson and her husband do not complain ; on the contrary, they voluntarily comply with the judgment of the court ; the infants can not complain, because they were properly before the court, and a clear case was made out against them ; so the appellant finds himself with a clear title to the land, for the deed by Johnson and wife to the appellee, Mrs. Mollie Boyd, enures to his benefit.

3. But the appellant further contends that, prior to the proceedings above mentioned, and after the sale of the land by the appellees to Rogers, the statutory guardian of said infants procured a judgment authorizing the sale of the infants' remainder interest in said land; and that, at the commissioner's sale, he purchased said interest at the price of one hundred dollars. The record fails to show that said purchase was made. Also, the appellees were not parties to said suit, nor is there

any evidence even tending to show that they had any knowledge of said proceedings or in any manner whatever advised or encouraged the same. On the other hand, the infants and their statutory guardian—the latter was conducting said proceedings—were made defendants to the appellees' action, which resulted as above mentioned. Had the guardian's suit been prosecuted to a finish before the appellees commenced their suit, it would not have established in them a greater right to the land than the deed of the 4th of December, 1879, apparently gave them, unless it was shown that the appellees, with a knowledge of their own rights, aided and encouraged said proceedings; but they did not. It was the object of the appellees' suit to set aside said deed, and thereby destroy the apparent rights of the infants thereunder, which they, the appellees, succeeded in doing, and which, of course, superseded the proceedings of said guardian, he and his wards being parties to the appellees' action.

If the proceedings of the guardian to sell the land were to stand, the appellants would get their interest in the land for one hundred dollars, which, after paying costs, would amount to nothing; whereas, by the judgment rendered in behalf of the appellees, which, according to the record before us, was essentially equitable, he must pay the full value of the land.

The judgment is affirmed.